**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com

*Attorney for Defendant*
*WALMART INC.*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MOORE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WALMART, INC. and DOES 1 to 25, INCLUSIVE,<br><br>　　　　　Defendants. | Case No.:　23-678<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.**<br><br>Complaint Filed:　June 1, 2023<br>Trial Date:　None Assigned |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

　　**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Solano, where it is currently pending as Case No. CU23-01713, to the United States District Court for the Eastern District of California.

1
**NOTICE OF REMOVAL**

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Bradley Moore is a resident, citizen and domiciliary of the State of California. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

## BACKGROUND

On June 1, 2023, an action was commenced in the Superior Court of the State of California in and for the County of Solano, entitled "Bradley Moore v. Walmart, Inc. and DOES 1 to 25, Inclusive", as Case Number CU23-01713. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Plaintiff asserts in the Complaint two causes of action, for negligence and premises liability, arising out of an incident in which Plaintiff claims to have slipped and fallen. The incident allegedly occurred on the premises of one of Defendant's retail store locations in Fairfield, California, on or about October 24, 2021. Plaintiff claims that as a result of the incident, he sustained general and special damages. In a July 7, 2023, Statement of Damages, Plaintiff asserts that he has incurred general damages (for pain, suffering, inconvenience, and emotional distress) in the sum of $350,000.00 and special damages (for medical expenses) in the sum of *at least* $49,603.53. (*Future* medical expenses are specifically noted as "TBD.") A copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit 2**.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

## I. The Amount-In-Controversy Requirement is Satisfied.

Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in his complaint. After Plaintiff served Defendant with the Summons and Complaint, however, he prepared and caused to be served his "Statement of Damages." (**Exhibit 2**) Therein, Plaintiff asserts damages of not less than $350,000.00 in general damages, and not less than $49,603.53 in special damages. (**Exhibit 2**) Collectively, <u>Plaintiff asserts total damages of not less than $399,603.53</u>.

District Courts within the Ninth Circuit have reached varied decisions as to whether to treat statements of damage as sufficient to establish the amount in controversy. "Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy – evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.* No. 3:20-vc-05792-BHS-JRC, 2020 WL 6566164, at *2 (W.D. Wa. Oct. 14, 2020), citing *Mozingo v. Japan Airlines Co.,* No. 20-CV-583 JLS (AGS), 2020 WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow); *Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses); *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2

(S.D. Cal. July 16, 2019) (remanding to state court where statement of damages did not explain how plaintiff arrived at the estimate of $620,091.40 and where the only damage claim supported by the complaint was $20,091.40 in medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In his Complaint, Plaintiff asserts that he slipped and fell as a result of a dangerous condition on Defendant's premises. (Complaint, **Exhibit 1**, at ¶¶ Prem.L-1, GN-1.) He asserts that, as a consequence, he sustained "severe injuries and damages."

Plaintiff's Statement of Damages should be received as compelling evidence of the amount in controversy in this instance, particularly in light of the serious nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail stores. While Plaintiff may not ultimately be able to recover as much as $399,603.53 for his alleged injuries as is reflected in his Statement of Damages, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* where he has alleged $399,603.53 in general and special damages.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

## II. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

On information and belief, Plaintiff is a resident of Fairfield, California. Plaintiff is therefore a citizen of California. Plaintiff alleges at paragraph 5 of the Complaint that Defendant was at all times a corporation. Defendant admits that it was incorporated in the State of Delaware and further states that its principal place of business is in Arkansas. For purposes of diversity, therefore, Defendant is a citizen of Arkansas and Delaware.

The Complaint also names "DOES 1-25" as Defendants. (Complaint, **Exhibit 1**, at ¶ 6.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

## III. The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed his Complaint with the state court on June 1, 2023. Defendant was served with the Complaint (**Exhibit 1**) on June 2, 2023. Plaintiff served his Statement of Damages (**Exhibit 2**), on July 7, 2022.

This action is properly removed to the United States District Court for the Eastern District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(b) (listing the counties within the Eastern District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (CU23-01713) to be included with this Notice of Removal. True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Statement of Damages
- **Exhibit 3** – Civil Case Cover Sheet
- **Exhibit 4** – Notice of Notice of Removal (pursuant to 28 U.S.C. § 1446(d) which, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the Clerk of the Superior Court for the County of Solano
- **Exhibit 5** – Answer filed in state court on June 28, 2023

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: July 19, 2023                    Respectfully submitted,

**O'HAGAN MEYER**

By: __/s/ Theodore C. Peters__
THEODORE C. PETERS
*Attorneys for Defendant*
WALMART INC.